UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA FRISELLA, et al., | No. 2:16-cv-00586-CKD |
| Plaintiffs, | |
| v. | ORDER |
| HARWINDER BISLA, et al., | |
| Defendants. | |

## SCHEDULING ORDER

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL PARTIES MUST COMPLY. A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, the parties provided status reports regarding the lifting of the stay and further scheduling of this matter. (See ECF Nos. 37, 38.) Accordingly, the court makes the following findings and orders:

## SERVICE OF PROCESS

Defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

**JOINDER OF PARTIES/AMENDMENTS**

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

**JURISDICTION/VENUE**

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

**DISCOVERY**

Discovery is completed.  (See ECF Nos. 11, 22.)

**MOTION HEARING SCHEDULE**

Law and motion practice is completed.  (See ECF Nos. 11, 22.)

The parties are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  THE PARTIES ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference is set for **March 6, 2019 at 9:00 a.m.** in courtroom no. 24 before the Honorable Carolyn K. Delaney.  Trial counsel shall appear at the Final Pretrial Conference.

The parties are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  The parties are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case.  The undisputed facts and disputed factual issues are to be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are

unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute. However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts. The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied. On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. The parties must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

**TRIAL SETTING**

Trial is set on **April 8, 2019 at 9:00 a.m.** in courtroom no. 24 before the Honorable Carolyn K. Delaney. As neither side requests a jury trial, this shall be a bench trial. The court expects the trial will take approximately two days.

**SETTLEMENT CONFERENCE**

Plaintiffs report that there have been no significant settlement negotiations. (ECF No. 38 at 4.) However, defendant has indicated that he would like a court-convened settlement conference. (ECF No. 37 at 1.)

If the parties determine a settlement conference would be beneficial, they may contact the undersigned's courtroom deputy, Judy Streeter at (916) 930-4004 or jstreeter@caed.uscourts.gov to arrange a date for the settlement conference. In absence of a waiver of disqualification of the undersigned, the settlement conference will be set before another magistrate judge.

**MISCELLANEOUS PROVISIONS**

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1.  The Final Pretrial Conference is set for **March 6, 2019 at 9:00 a.m.** in courtroom no. 24 before the Honorable Carolyn K. Delaney.

2.  This matter is set for a two-day bench trial on **April 8, 2019 at 9:00 a.m.** in courtroom no. 24 before the Honorable Carolyn K. Delaney.

Dated: November 21, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4